BROWN v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

**Practice:** APPEAL, AFFIDAVIT AND BOND FOR, WHEN FILED. The affidavit and bond for appeal must be filed during the term, and when filed in vacation the cause will be stricken from the docket of the Supreme Court.

*Appeal from    Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

APPEAL DISMISSED.

*Wells H. Blodgett* for appellant.

*A. W. Mullins* with *S. C. Major* for respondent.

HENRY, C. J.—The record in this case, with respect to the appeal is as follows : " This day (May 30, 1879), come the parties aforesaid by their attorneys, and on motion of the defendant, by its attorney, and by consent of the plaintiff, it is ordered by the court that leave be granted to defendant to file its bill of exceptions, affidavit for appeal and appeal bond within thirty days from this date, and when so filed and approved by the clerk of this court, it is ordered that an appeal to the Supreme Court of the state of Missouri be granted."

" And, afterwards, to-wit: on the 24th day of June, 1879, the following entry in said case was made in vacation:    This day comes the defendant by its attorney and presents its bill of exceptions signed and sealed by the judge of the court, *and, also, its affidavit for an appeal to the Supreme Court* which are ordered to be filed. "

The statute, sec. 3712, requires that appeals shall be made during the term at which the judgment was rendered, and that the affidavit for the appeal shall be filed at the same term.    The practice of filing bills of exceptions after the term has prevailed in this state for many years, and while it seems to be wholly unauthorized by the statute, which expressly requires " exceptions to be written and filed, at the time, or during the term of the court at which they are taken, and not after ; " yet the practice of allowing them to be filed in vacation, by agreement of the parties and with the consent of court, has so long prevailed with the sanction of this court, that we are not inclined to disturb it.    In this case, however, we are asked, not only to tolerate that practice, which has, in many instances, the plea of necessity for its support, but to make another departure from the statute for which no necessity exists, and permit the affi-

davit and bond for appeal, also, to be filed in vacation, and entertain an appeal never granted by the court, but by the clerk in vacation. The court granted an appeal on condition that the party asking it should do certain things, in vacation, and whether done, or not, to be determined by the clerk.

This practice we cannot sanction and the cause is, therefore, stricken from the docket. All concur.